## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

*Plaintiff,*

**v.**                                                            **Case No. CR-17-079-RAW**

**HENRI MICHELLE PIETTE,**

*Defendants.*

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE

COMES NOW the Plaintiff, the United States of America, by and through Brian J. Kuester, United States Attorney for the Eastern District of Oklahoma, Assistant United States Attorneys D. Edward Snow and Sarah McAmis and submits its response to the Defendant's Motion to Continue the Jury Trial in this matter (Doc. # 109).  In support, the plaintiff would state:

1.      On December 13, 2017 an Indictment was filed in this matter;

2.      On January 16, 2018 the defendant had an initial appearance;

3.      A Jury Trial was set on March 6, 2018;

4.      On February 5, 2018 an Unopposed Motion to Continue All Dates was filed by the defense and the Court was advised that the parties were anticipating filing a motion to have the case declared complex (Doc. # 18);

5.      The Court struck all dates on February 7, 2018. (Doc. # 19);

6.      On April 4, 2018 a joint motion to declare the case complex was filed (Doc. # 22);

1

7.      On April 9, 2018, the case was declared complex and a jury trial was set for July 10, 2018;

8.      On May 3, 2018, the Court entered a Sealed Order that effectively stayed the proceedings pending evaluations (Doc# 33);

9.      On May 17, 2018, the Court held a hearing in this matter based on documents received directly from the defendant and distributed to all counsel.  At this hearing, the Court granted defendant's motion to withdraw his current counsel and directed that new counsel be appointed. The Court also stayed any previous orders related to the Sealed Order in Doc. # 33 until new counsel entered the case (Doc. # 37);

10.     On May 25, 2018, present Counsel, Warren Gotcher, made an entry of appearance in the case (Doc. # 41);

11.     On June 7, 2018, present counsel filed a Motion to Withdraw the Motion to Determine Competency (Doc. # 48);

12.     On June 14, 2018, the Court held a hearing on the above Motion to Withdraw the Motion to Determine Competency and ultimately ordered an evaluation of the defendant (Doc. # 52);

13.     On November 19, 2018, a hearing was held and the defendant was found competent. At that hearing, the Court addressed scheduling the case for trial. The defendant requested the case be set for May 2019 and the Government stressed the need for a firm trial date (Doc. # 95);

14.     On November 20, 2018 the Court set a trial date for May 7, 2019 (Doc. # 95);

2

15.     The defendant in this case has been in custody since his initial appearance;

16.     To date, the defendant has sent, or caused to be sent, in excess of 100 letters to the Court and Counsel for the Government. In these letters, the defendant at times laments his dissatisfaction with his present counsel and private investigator. At other times, he professes his satisfaction with his present counsel and private investigator;

17.     In these ex-parte letters, which the Government and Court immediately forward to present defense counsel, the defendant appears, at times, to desire to represent himself, and has even attempted to file pleadings in spite of the Court's admonition that all pleadings need to be filed through his present Counsel;

18.     The defendant additionally requests the Court to direct his private investigator to indulge his every wish as to the investigation;

19      The Government believes that the defendant's excessive and irrelevant requests to his investigator and attorney have contributed to the defendant's request for a continuance;

20.     Given the defendant's history and the content of his letters to the Government and the Court regarding his trial team, the Government fully expects more excessive and irrelevant requests of his trial team, which will most assuredly result in further requests for continuances; and

21.     The Government has essential witnesses who have re-arranged their schedules to travel for the May 2019 trial. Some of these witness will not be available until late August of 2019.

Based on the foregoing, the Government requests a hearing on the Motion to Continue and that the Court deny the Motion to Continue.

Respectfully submitted,

Brian J. Kuester
United States Attorney

s/      D.Edward Snow
        D. EDWARD SNOW, OBA #16439
        Assistant United States Attorney
        520 Denison Avenue
        Muskogee, OK 74401
        (918) 684-5100 (telephone)
        (918) 684-5150 (facsimile)
        Ed.Snow@usdoj.gov (e-mail)

s/      Sarah McAmis
        SARAH MCAMIS, OBA# 15903
        Assistant United States Attorney
        520 Denison Avenue
        Muskogee, OK 74401
        (918) 684-5100 (telephone)
        (918) 684-5150 (facsimile)
        Sarah.McAmis@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

   I, hereby certify that on March 26, 2019, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

   Warren Gotcher

            s/ D. Edward Snow
            Office of the United States Attorney