**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **HENRI MICHELLE PIETTE,** *Defendant.* | **Case No. CR-17-079-RAW** |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LIMITATIONS

The United States of America, by and through the undersigned government attorneys, hereby responds and opposes the Defendant's Motion to Dismiss Counts One and Two of the Indictment. For the reasons explained below, Counts One and Two, which charge the Defendant with violations of Title 18, United States Code, Section 1201(a)(1) & 1201(g) and Section 2423(b) respectively, are not time-barred by the applicable statute of limitations. Accordingly, the Defendant's Motion should be denied.

### I.   FACTS

The Defendant, Henri Michelle Piette (hereinafter, "Defendant"), is charged in Count One with Kidnapping, a violation of Title 18, United States Code, Section 1201(a)(1) & 1201(g) and in Count Two with Travel with Intent to Engage in Sexual Act With A Juvenile, a violation of Title 18, United States Code, Section 2423(b). The Kidnapping count alleges a date of "In or about January 1997, the exact date being unknown to the Grand Jury". The Travel with Intent to Engage in Sexual Act With a Juvenile count alleges "From in or about January 1997, the exact date being unknown to the Grand Jury, to July 28, 2016."

1

## II.     HISTORICAL BACKGROUND

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 (hereinafter, the "Adam Walsh Act"), which created a comprehensive national system for the registration of sex offenders, increased the statutory penalties for several child sex offenses, and created new federal child exploitation offenses. *See* Pub. L. No. 109-248, 120 Stat. 587 (Jul. 27, 2006). Additionally, Section 211 of the Adam Walsh Act eliminated the statute of limitations for most felony sex offenses. This revision to the limitations period was codified at Title 18, United States Code, Section 3299.

Section 3299 ("Child abduction and sex offenses") provides:

> Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under section 1201 involving a minor victim, and for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or § 1591.

18 U.S.C. § 3299 (2006).

Before the enactment of Section 3299, the statute of limitations for child sex offenses was governed by Title 18, United States Code, Section 3283 ("Offenses against Children"). The legislative history of Section 3283 extends back to 1990 when Congress, as part of the Crime Control Act of 1990, passed the Victims of Child Abuse Act of 1990 (hereinafter, the "Child Abuse Act"). *See* Pub. L. No. 101-647, 104 Stat 4789 (Nov. 29, 1990). Section 225(a) of the Child Abuse Act created a specific statute of limitations for offenses involving the sexual and physical abuse of children that was codified at Title 18, United States Code, Section 3509(k). Section 3509(k) provided in part:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years.

18 U.S.C. § 3509(k) (1990).

The Child Abuse Act also added Title 18, United States Code, Section 3509(a)(8), which provided, and continues to provide, a broad definition of "sexual abuse": [T]he term "sexual abuse" includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children[.] 18 U.S.C. § 3509(a)(8).

In 1994, Congress struck the statute of limitations language from Section 3509(k) and amended Section 3283 of Title 18, United States Code, Chapter 213 ("Limitations"), to contain this language verbatim. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 330018, 108 Stat. 1796 (Sept. 13, 1994) (hereinafter, the "Violent Crime Act").[1] As a result, Section 3283 provided:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years.

18 U.S.C. § 3283 (1994).

Notably, the definition of "sexual abuse" in Section 3509(a)(8) was untouched and remains, to date, the same.

On April 30, 2003, Congress passed the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act (hereinafter, the "PROTECT Act"). *See* Pub. L. No. 108-21,

---

[1] Of note, the Violent Crime Act also amended Title 18, United States Code, Section 2423 to add "a new subsection" and create a new offense: Section 2423(b), the offense with which the Defendant is charged in Count Two of the Indictment. Pub. L. No. 103-322, § 160001(g), 108 Stat. 1796 (Sept. 13, 1994). In this original version, Section 2423(b) provided: "TRAVEL WITH INTENT TO ENGAGE IN SEXUAL ACT WITH A JUVENILE.—A person who travels in interstate commerce, or conspires to do so, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, or conspires to do so, for the purpose of engaging in any sexual act (as defined in section 2245) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 10 years, or both."

117 Stat. 650 (Apr. 30, 2003). Section 202 of the PROTECT Act amended Section 3283 by extending the statute of limitations for offenses involving the sexual or physical abuse of a child to "during the life of the child." This amendment was aptly titled "NO STATUTE OF LIMITATIONS FOR CHILD ABDUCTION AND SEX CRIMES." *Id.* at § 202. As a result, Section 3283 provided:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child.

18 U.S.C. § 3283 (2003).

Section 3283 was amended again on January 5, 2006, when Congress passed the Violence Against Women and Department of Justice Reauthorization Act of 2005. *See* Pub. L. No. 109-162, 119 Stat. 2960 (Jan. 5, 2006). By that Act, Congress amended Section 3283 in order to permit criminal prosecution in child sexual or physical abuse cases where the victim dies before the crime is charged. *Id.* at § 1182(c). As a result, Section 3283 currently provides:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer.

18 U.S.C. § 3283.

### III. <u>EXTENSION OF LIMITATIONS</u>

The Ex Post Facto Clause, U.S. Const., Art. I, § 9, cl.3., "protects liberty by preventing governments from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." *Stonger* v. *California*, 539 U.S. 607, 610-11 (2003) (quoting *Calder* v. *Bull*, 3 U.S. 386, 391 (1789)). Retroactive application of a statute of limitations to revive a time-barred prosecution violates the Ex Post Facto Clause. *See Stonger*, 539 U.S. at 618. A statute extending the limitations

period may not be retroactively applied to bring a case where the statute of limitations for the charged conduct expired before the effective date of the newer limitations statute. *Id*.

However, a new statute of limitations may be applied to crimes that occurred before the statutory change so long as the original statute of limitations is still running on the effective date of the new statute or amendment. *See Stonger*, 539 U.S. at 617-19 (discussing the history of the rule and unanimity of the courts applying it). *See also United States* v. *Jeffries*, 405 F.3d 682, 684-685 (8th Cir. 2005) ("extending a limitations period before prosecution is barred does not violate the ex post facto clause"); *United States* v. *Leo Sure Chief*, 438 F.3d 920, 924-925 (9th Cir. 2006) (citing *Jeffries*).

To determine the appropriate limitations period, the Court must take into account the statute of limitations applicable on the criminal conduct date(s), *i.e.*, the date the crime occurred or the last known date of a continuing criminal offense. *See Pendergast* v. *United States*, 317 U.S. 412, 418 (1943); *Toussie* v. *United States*, 397 U.S. 112, 115 (1970). If the applicable statute of limitations (running from the criminal conduct date) has expired, then the prosecution is time-barred and a subsequently enacted statute extending the limitations period cannot be used to revive the case. If, however, the applicable statute of limitations is still running when the case is charged, then the subsequent statutory amendment extending the limitations period applies.

### IV. KIDNAPPING

#### A. KIDNAPPING IS A CONTINUING OFFENSE

The crime of Kidnapping under 18 U.S.C. § 1201(a) and (g) is a continuing offense, and limitations in this case did not begin to run until the victim ceased to be held.

The statute of limitations in 1997 the defense relies upon provided that "no person shall be prosecuted for any offense ... unless the indictment is found ... within five years next after such offense shall have been committed." 18 U.S.C. § 3282 (1994). The Government asserts that statute

of limitations is the correct statute of limitations as will be pointed out below. However, assuming for argument's sake that this is not the correct statute of limitations, the defense argument still fails.

An offense is committed when it is completed, *Toussie v. United States*, *Id* at 112-115, that is, when each element of that offense has occurred. *United States v. McGoff*, 831 F.2d 1071, 1078 (D.C.Cir.1987). There is a recognized exception for offenses that are considered "continuing offenses." An offense is deemed "continuing" for the purposes of the statute of limitations when (a) "the explicit language of the substantive criminal statute compels such a conclusion," or (b) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v United States*, *Id.* at 115, 90 S.Ct. 858. The classic example of a continuing offense is a conspiracy, but other offenses such as escape or kidnaping fall within those definitions. *See*, *e.g.*, *McGoff*, 831 F.2d at 1078; *United States v. Garcia*, 854 F.2d 340, 343-44 (9th Cir.1988) cert. denied, 490 U.S. 1094 (1989); *see also Toussie*, 397 U.S. at 134--35 (listing offenses traditionally considered continuing offenses). Continuing offenses extend beyond the initial illegal act even after the elements necessary to establish the crime have occurred. *Toussie*, *Id* at 90.

Courts have routinely concluded that the federal Kidnapping offense is a continuing offense that "does not end until the victim is free." *United States v. Rodriguez-Moreno,* 526 U.S. 275, 281 (1999). See *United States v. Seals,* 130 F.3d 451, 462 (D.C. Cir. 1997); *United States v. Godinez,* 998 F.2d 471, 473 (7th Cir. 1993); and *United States v. Denny-Shaffer*, 2 F.3d 999, 1018-19 (10th Cir. 1993).  For those crimes, the statute of limitations does not begin to run when all elements are first present, but begins when the offense expires.

The plain language of the statute envisions a continuing offense. 18 U.S.C. 1201 (April 24, 1996 to October 29, 1998 version) provides in part:

> a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when--
> (1) the person is willfully transported in interstate or foreign commerce;
> (c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.
> (d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.
> (g) Special rule for certain offenses involving children.--
> (1) To whom applicable.--If--
> (A) the victim of an offense under this section has not attained the age of eighteen years; and
> (B) the offender--, (i) has attained such age; and (ii) is not-- (I) a parent;
> (II) a grandparent; (III) a brother; (IV) a sister; (V) an aunt; (VI) an uncle; or (VII) an individual having legal custody of the victim;
> the sentence under this section for such offense shall be subject to paragraph (2) of this subsection.
> (2) Guidelines.--The United States Sentencing Commission is directed to amend the existing guidelines for the offense of "kidnapping, abduction, or unlawful restraint," by including the following additional specific offense characteristics: If the victim was intentionally maltreated (i.e., denied either food or medical care) to a life-threatening degree, increase by 4 levels; if the victim was sexually exploited (i.e., abused, used involuntarily for pornographic purposes) increase by 3 levels; if the victim was placed in the care or custody of another person who does not have a legal right to such care or custody of the child either in exchange for money or other consideration, increase by 3 levels; if the defendant allowed the child to be subjected to any of the conduct specified in this section by another person, then increase by 2 levels.
> (h) As used in this section, the term "parent" does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order.

The plain language of the statute (specifically, but not limited to, the words "confine" and "hold") make clear this is a continuing offense. As such, the statute of limitations did not begin to run until the confinement or holding ended. In this case, that was on July 28, 2016, when the victim appeared with eight children at the United States Consular General Offices in Nogales, Mexico requesting help to get away from the Defendant.

### V. KIDNAPPING WAS AN OFFENSE INVOLVING SEXUAL AND PHYSICAL ABUSE OF A MINOR IN 1997 AND, AS SUCH, 18 U.S.C. SECTION 3283 APPLIES.

In January of 1997 18 U.S.C. Section 3283 stated:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the *sexual or physical abuse* of a child under the age of 18 years shall preclude such prosecution *before the child reaches the age of 25 years*.

(Emphasis added).

The plain language of the Kidnapping statute 18 U.S.C. 1201 involved sexual abuse. 18 U.S.C. 1201(g)(2) at that time, 1997, provided:

> Guidelines.--The United States Sentencing Commission is directed to amend the existing guidelines for the offense of "kidnapping, abduction, or unlawful restraint," by including the following additional specific offense characteristics: If the victim was intentionally maltreated (i.e., denied either food or medical care) to a life-threatening degree, increase by 4 levels*; if the victim was sexually exploited (i.e., abused, used involuntarily for pornographic purposes) increase by 3 levels;* if the victim was placed in the care or custody of another person who does not have a legal right to such care or custody of the child either in exchange for money or other consideration, increase by 3 levels; if the defendant allowed the child to be subjected to any of the conduct specified in this section by another person, then increase by 2 levels.

(Emphasis added).

In fact, in 2003, Section 2 of 18 U.S.C. 1201 was repealed. See Pub.L. 108-21, Title I, § 104(b). In the same Bill, Congress amended the 18 U.S.C. Section 3283 statute of limitations provision to allow for prosecutions for the life of the child. Congress specifically added

8

Kidnapping as one of the crimes where prosecution was not precluded during the life of the child (Pub.L. 108-21, Title I, § 202). In short, when Congress removed the sexual abuse and physical abuse language from the Kidnapping statute (Section 2), they specifically added Kidnapping to the already existing statute of limitations. This evinces strong congressional intent that Kidnapping was a sexual abuse crime in 1997 and thus was subject to the provisions that allowed prosecution until the victim reached the age of 25 years.

The Victim was born on May 14, 1984. Her 25th birthday would have been on May 14, 2009. In January 1997, she was 12 years of age. Before she reached 25 years of age, 18 U.S.C. Section 3283 was amended again on January 5, 2006, and today envisions no preclusions of prosecutions *during the life of the child, or for ten years after the offense, whichever is longer*.

As part of the Adam Walsh Act (discussed above), Congress made revisions to the limitations statue and provided an "*indictment may be found or an information instituted at any time without limitation for any offense under section 1201 involving a minor victim...*" (Emphasis added). In as much as the original statute of limitations for Kidnapping did not expire prior to the subsequent amendments of the statutes of limitations, the Defendant, as outlined in *Stonger*, *Jeffries*, and *Leo Sure Chief* (*Supra*) is subject to 18 U.S.C. Section 3283 as it stands today, which allows for prosecution during the life of the child, or ten years, whichever is longer. The Defendant is also, for the same reasons, subject to the statute of limitations provisions of the Adam Walsh Act (18 U.S.C., Section 3299) which provides limitations on prosecutions for Kidnapping involving minors (18 U.S.C. 1201).

For the reasons stated, the Defendant's Motion to Dismiss Count One should be overruled.

## VI. TRAVEL WITH INTENT TO ENGAGE IN SEXUAL ACT WITH A JUVENILE IS A CONTINUING OFFENSE AND IS SUBJECT TO 18 U.S.C. SECTIONS 3283 AND 3299.

For the same reasons stated above, Count Two is a continuing offense. The plain language of the statute envisions a continuing offense. Travel With Intent to Engage in Sexual Act with a Juvenile, 18 U.S.C. 2423(b), provides, in pertinent part, "A person who travels in interstate commerce, or conspires to do so, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce". The use of travel and the indication of interstate and foreign commerce are on their face indicative of a continuing offense. As such, the statute of limitations had not run during the entirety of the Defendant's abduction and kidnapping of the Victim and his associated travels all across the United States, Mexico, and Central America.

However, a more succinct legal justification applies as well. The Defendant was subject to a specific statute of limitations when the crime began in 1997 and that statute of limitations did not expire before a new one was enacted and went into effect. The same analysis as outlined in *Stonger*, *Jeffries,* and *Leo Sure Chief* (*Supra*) applies with respect to Count Two, as no Ex-Post Facto violation occurred due to overlapping of statutes of limitations. The Defendant was subject, in 1997, to the statute of limitations that was enacted within the same bill as the Crime charged in Count Two (see footnote 1, pg. 3). As such, the initial statute of limitations was *before the child reaches the age of 25 years*. The 25 years limitation was amended in 2003, and became *during the life of the child*. This amendment occurred some 6 years before the Victim reached 25 years of age. The *during the life of the child* limitation language was untimely amended in 2006, to *during the life of the child, or for ten years after the offense, whichever is longer.* All of the amendments were enacted, and went into effect, prior to the expiration of the then-existing statute of limitations.

Therefore, the Defendant is subject to the *during the life of the child, or for ten years after the offense, whichever is longer* limitation.

Additionally, in as much as none of the limitations had expired when Congress enacted the Adam Walsh Act, which went into effect on July 27, 2006, and the Statute in Count Two is a violation of Chapter 117 involving a minor victim[2], the Defendant is now subject 18 U.S.C. Section 3299, which provides that an indictment may be found or an information instituted at any time without limitation.

## CONCLUSION

For the above reasons the Defendant's Motion to Dismiss for Limitations should be overruled.

Respectfully submitted,

BRIAN KUESTER
United States Attorney

s/  Edward Snow
    EDWARD SNOW OBA # 16439
    Assistant United States Attorney
    520 Denison Avenue
    Muskogee, Oklahoma 74401
    Telephone: (918) 684-5100

s/  Sarah McAmis
    SARAH McAMIS, OBA # 15903
    Assistant United States Attorney
    520 Denison Avenue
    Muskogee, Oklahoma 74401
    Telephone: (918) 684-5100

---

[2] 18 U.S.C. Section 2423(b).

11

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of May, 2019, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Warren Gotcher
Counsel for Defendant

                                  s/     Edward Snow
                                          EDWARD SNOW
                                          Assistant United States Attorney