IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            PLAINTIFF,

vs.                                   NO. CR-17-79-RAW

HENRI MICHELLE PIETTE,                DEFENDANT.

**MOTION IN LIMINE, RE: EXPERT TESTIMONY
REQUEST FOR A *DAUBERT/KUMHO* HEARING**

Comes now the Defendant, HENRI MICHELLE PIETTE, and for his Motion in Limine regarding expert testimony and his request for a *Daubert/Kumho* hearing submits the following;

1. That the government has identified two expert witnesses that it intends to call at the trial of the Defendant. The witnesses are Joann Behrman-Lippert, PH.D, a witness testifying concerning why the alleged victim would not leave the Defendant if she had been abducted and sexually violated, and Alan M. Giusti, DNA Casework Unit, FBI Laboratory, a witness testifying that the Defendant is the father of children of the alleged victim.

2. *Rule 702, F.R.Evid*. provides as follows; "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based upon sufficient facts or data;

© the testimony is the product of reliable principles and methods; and

1

(d) the expert has reliably applied the principles and methods to the facts of the case."
The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), charged trial judges with responsibility of acting as gatekeepers to exclude unreliable expert testimony. *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999), clarified that this function as gatekeeper applies to all expert testimony, not just testimony based in science. **Expert testimony is admissible only if it is potentially helpful to the jury** and (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Upon request by a party, the court must hold a hearing to exercise this gate keeper function. *U.S. v. Allen,* 603 F.3d 1202 (10th cir., 2010). The burden of proof is on the proponent of the evidence, here it would be the government. *U.S. v. Baines,* 573 F.3d 979 (10th circuit, 2009). The Supreme Court in *Daubert* suggested some factors, which are not necessarily exhaustive, that will be helpful to trial courts in determining whether proposed expert testimony is based upon reliable methods and principles. Those factors are (1) whether the particular theory can be and has been tested; (2) whether the theory has been subjected to peer review; (3) the known rate or potential rate of error; (4) the existence and maintenance of standards controlling the techniques's operation; and (5) whether the technique has achieved general acceptance in the relevant scientific or expert community. These factors do not constitute a definite checklist or test. *Daubert*, supra. The gatekeeping inquiry must be tied to the facts of a particular case. *Daubert*, supra. Where the methodology, facts and opinions of an expert witness are called into question, the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline. The trial judge has broad discretion to determine reliability

in light of the particular facts and circumstances of the particular case. *Kumho,* supra.; *U.S. v. Velarde*, 214 F.3d 1204 (10th circuit, 2000).

The proper inquiry concerning expert testimony is whether the jury is able to understand the evidence without the specialized knowledge available from the testimony of the expert witness. *U.S. v. Peach*, 113 F.3d 1247 (10th cir. 1993). The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field. *United States v. Henderson*, (10th cir. 2014); *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th cir. 2011).

In sexual abuse cases, information informing a jury of characteristics in sexually abused children and describing the characteristics a victim may exhibit has been permitted. *United States v. Whitted,* 11 F.3d 782 (8th cir, 1993); (finding of no medical evidence not inconsistent with molestation, *United States v. Wright,* 119 F. 3d 630 (8th cir, 1997), and allowing an expert to tell the jury about typical emotional and psychological traits for abuse victims, **noting that such evidence was admissible because the witness did not comment of the alleged victim's credibility nor did the witness identify the alleged victim as a victim of child abuse**. *United States v. Johns*, 15 F.3d 740 (8th cir, 1994); The Tenth Circuit, in *U.S. v. Charley,* 189 F.3d 1251 (10th cir. 1999) page 1210, cited with approval the above 8th circuit cases.

However, if conclusions are based upon the victim's allegations as opposed to medical symptoms, then the opinion is inadmissible as it is merely vouching for the credibility of the victim's complaints. *Charley*, supra. When an opinion is largely based on crediting the alleged victim's account, the expert is essentially vouching for the truthfulness of the alleged victim. In

general, expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and **therefore does not assist the trier of fact** as required by *Rule 702. Charley,* supra. Most courts that have considered the issue have concluded that expert testimony based on the statements of the alleged victims that sexual abuse in fact occurred is inadmissible under *F.R Evid. 702*, because in such cases the expert offering the opinion is merely vouching for the credibility of the alleged victim. *Charley*, supra. Page 1268;  *U.S. v. Velarde*, supra

   Thus great care must be used in the gate keeping determination of the reliability of expert testimony in sexual abuse cases where the expert relies on the disclosures of the victim for the opinion of abuse or the opinion of explaining away the victim's behavior.

   3. The report of Behrman-Lippert (Bates stamp 1275-1305) submitted to the defense is rife with statements vouching for the credibility of the witness accounts. Even where psychological traits are explained, the Doctor intertwines the same with accounts of the alleged victim herein to cement the principles with her behavior, doing nothing more than vouching for the alleged victim's credibility.  Further at page 3 of her report, the doctor admits that there is not extensive research addressing the dynamics of sexual abuse and abduction, but then addresses captivity stress and relates it to the instant case with no authority that it is the same. In the Doctor's report, in her brief summary (not really brief), she assumes that the sexual contact began as the victim related and does nothing more than vouch for the witness's credibility. The doctor relates other children's complaints within her report of Rosalyn/Stephanie and by doing this she is vouching for the other alleged child victims (see *404b* and res gestae notice of the government) and again vouching for the alleged victim's credibility. In her report she consistently argues and

intertwines alleged accounts of the alleged victim to justify her psychological theories and her consequent opinion that it is not unusual for the abducted child to stay as an adult with her captor. The alleged victim in this matter in discovery has indicated that she stayed for fear of her life and threats against her children. There is nothing in the Doctor's report that is necessary for the jury to have to understand threats that allegedly made the alleged victim stay. There is no need for expert testimony on this subject. The testimony is not admissible under *Rule 702* for the reason for the reason that it is merely vouching for the credibility of the alleged victim.

 Further as indicated supra, the Doctor relates the complaints of the other children in a manner that vouches for the other children's credibility which is inadmissible. However there is another reason to exclude this testimony of the other children's complaints, and that is testimony of other bad acts under *F.R.Evid 404b* does not contemplate that the government may offer psychological testimony to buttress their claims. The evidence is a particular form that is only offered to show some trait of circumstance that may make the ultimate crime charged more probable than not. It is improper to make this type of evidence a central part of the trial and offer psychological evidence to buttress the 404b evidence. This part of the Doctor's report and, if the doctor is allowed to testify at all, this part of the Doctor's testimony should not be before the jury as not relevant and admissible.

 4. As for Mr. Giusti, the Defendant is requesting the court to have a hearing to determine the reliability of his expert testimony. It is the burden of the government to show that the testimony is allowed under Daubert/Kumho. *Allen,* supra.

 WHEREFORE premises considered, the Defendant , HENRI MICHELLE PIETTE, prays that the court grant the defendant a hearing to determine the reliability of the expert testimony,

upon that hearing, grant his motion in limine to prevent the testimony of Joann Behrman-Lippert, and to determine if there is a threshhold of reliability to allow the testimony of the DNA expert Mr. Giusti, and such other relief that court deems proper in the premises.

        HENRI MICHELLE PIETTE, DEFENDANT

        GOTCHER AND BEAVER
        POST OFFICE BOX 160
        MCALESTER, OKLAHOMA 74502
        (918) 423-0412
        ATTORNEYS FOR DEFENDANT

        BY: s/Warren Gotcher
        Warren Gotcher, OBA# 3495
        Warren@gotcher-beaver.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of May, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants.

Edward Snow

        S/Warren Gotcher
        Warren Gotcher