# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **HENRI MICHELLE PIETTE,** *Defendant.* | **Case No. CR-17-079-RAW** |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A *DAUBERT* HEARING AS TO THE DNA

The United States of America, by and through the undersigned government attorneys, hereby responds and opposes the defendant's request for a *Daubert* Hearing.

### FACTS

The F.B.I. forensic lab conducted DNA testing on samples obtained from the defendant, the victim, and 9 children believed to be fathered by the defendant. A report was provided to defense counsel. The testing was done using Polymerase Chain Reaction (PCR) and Short Tandem Repeats (STR). The report indicates the results provide strong evidence that the Defendant is the father of the children. The results were different for each child but ranged from a one in 790,000,000 chance that a randomly selected person other than the defendant was the father of one of the children, all the way up to a one in 8,000,000,000,000 (8 Trillion) chance that a randomly selected person other than the defendant was the father of one of the other children.

The defendant, in his motion, requests a *Daubert* hearing stating "the Defendant is requesting the court to have a hearing to determine the reliability of his expert testimony. It is the burden of the government to show that the testimony is allowed under *Daubert/Kumho*."

Defense Counsel and the Government have conferred and the Defendant does not object to conducting the *Daubert* hearing with the witness, if necessary, at trial prior to the witness testifying in front of the jury. However, the Government does not believe that a hearing is necessary.

## ARGUMENT

### The Defendant's blanket challenge to reliability is insufficient.

The Government notes at the outset that the Defendant makes no specific assertion as to the unreliability of the DNA testing conducted here.

The Government submits that the Defendant should be required to provide specific challenges to the government's DNA evidence before any *Daubert* hearing is held. "*Daubert* hearings are not required, but may be helpful in 'complicated cases involving multiple expert witnesses.' " *United States v. Hansen*, 262 F.3d 1217, 1234, *citing*, *City of Tuscaloosa*, 158 F.3d 548, 564-65, n.21 (11th Cir. 1998). "A district court should conduct a *Daubert* inquiry when the opposing party's motion for a hearing is supported by 'conflicting . . . [scientific] literature and expert testimony.' " *Hansen*, 262 F. 3d at 1234, *citing*, *Tanner v. Westbrook*, 174 F.3d 542, 546 (5th Cir. 1999).

In as much as the defendant's motion is not specific, the defense is challenging the PCR/STR DNA testing.

### PCR and STR are universally accepted.

*Daubert* recognized that "theories that are so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, properly are subject to judicial notice." *Daubert,* 509 U.S. at 592 n. 11, 113 S.Ct. 2786. On this basis, a number of courts have held that it is proper to take judicial notice of the reliability of PCR/STR analysis, even under the restrictive *Frye* test. See,, *United States v. Beasley,* 102 F.3d 1440, 1448 (8th Cir.1996); (taking judicial notice of general reliability of PCR testing); *United States* v. *Shea,* 957 F.Supp 331, 338–

339 (D.N.H. 1997); *United States* v. *Ewell,* 252 F.Supp.2d 104, 106 (D.N.J 2003) (looking specifically at PCR/STR testing and listing twelve state appellate court cases finding PCR/STR DNA testing to be scientifically reliable); *United States v. Cuff.* 37 F.Supp.2d 279, 282 (S.D.N.Y.1999); *Gaines,* 979 F.Supp. at 1433–34 & n. 4 (collecting at least twenty state appellate court cases finding PCR DNA testing to be scientifically reliable); *United States* v. *Trala,* 162 F.Supp.2d 336, 350–351 (D.Del.2001) (looking specifically at PCR/STR testing). The Government could find no cases indicating that PCR/STR DNA testing is unreliable. The case law overwhelmingly shows that PCR/STR DNA testing is reliable and therefore the Government's burden is met.

The Court should take judicial notice of the reliability of PCR/STR DNA testing and deny the request for a hearing.

## CONCLUSION

For the above stated reasons, the Court should overrule the request for a hearing and take judicial notice of the reliability of the PCR/STR DNA testing. If the Court determines a hearing is necessary, the Government requests it be done during the trial outside the presence of the jury rather than at the pre-trial hearing on the 23rd of May 2019.

        s/   D. Edward Snow
            D. Edward Snow, OBA # 16439
            Assistant United States Attorney
            520 Denison Avenue
            Muskogee, OK 74401
            (918) 684-5100
            (918) 684-5150 fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of May, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Warren Gotcher, Attorney for Defendant

                              s/    <u>D. Edward Snow</u>
                                      D. Edward Snow
                                      Assistant United States Attorney