## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. CR-17-079-RAW |
| HENRI MICHELLE PIETTE, | |
| *Defendant*. | |

## NOTICE OF INTENT TO OFFER EXPERT WITNESS

COMES NOW the United States of America, by and through its attorney, Brian J. Kuester, United States Attorney, and Assistant United States Attorneys Edward Snow and Sarah McAmis, and hereby gives notice of its intent to introduce testimony, under Rules 701, 702 and 703, Federal Rules of Evidence. *See also* Rule 16(a)(1)(G), Federal Rules of Criminal Procedure. In compliance with Rule 16, the Government further submits the following:

1. Dr. JoAnn Behrman-Lippert, Ph.D., is a licensed Clinical Psychologist. Dr. Behrman-Lippert has previously offered expert testimony on issues related to the dynamics of child sexual abuse and domestic violence and she will do so in the case at bar consistent with a report previously provided to the Defendant;

2. Dr. Behrman-Lippert will testify regarding her education, training, background and experience in the area of child sexual abuse and child sexual abuse accommodation syndrome and all aspects and dynamics thereof. She will testify about the process of disclosure, delayed disclosure, and the stages of disclosure for persons who have been subjected to sexual abuse, including the stages of recantation and reaffirmation. Dr.

Behrman-Lippert will testify about the factors which may influence the timing and method of both disclosure and recantation, including but not limited to the offender's perceived position of authority over the victim, the offender's perceived position within the family, the offender's perceived position within the community, the offender's perceived reputation and/or influence within the community, the offender's monetary value to the family and the difference in access to money, a home, and/or lifestyle before the offender became involved with the family versus after, the offender's perceived reputation and/or influence among those who surround the victim and/or who introduced the offender to the victim, the victim's religious beliefs, the manner in which the offender asserts his religious beliefs and/or references the victim's religious beliefs, court proceedings, the victim's ability to trust and/or rely upon her family members for assistance and/or whether the victim has trusted persons to whom she can turn, and/or whether and how the victim's family unit might be disturbed after her disclosure, and/or whether or not the non-offending parent chose to support the victim or the offender, whether or not the non-offending parent chose to remain in a relationship with the offender, whether or not the victim was told and/or that it was implied that she was responsible for the sexual behavior and/or the fact that the offender is in trouble, whether or not the victim has been instructed to apologize for her involvement in the sexual abuse, and/or whether or not the victim's siblings have placed blame upon her for disturbing the family unit;

3. Dr. Behrman-Lippert will also testify about how physical violence and abduction/kidnapping affects the dynamics of sexual abuse;

4. Dr. Behrman-Lippert will testify about the characteristics of how a victim is selected and

how the victim's history of past abuse and/or the status of her family unit and/or her low self-esteem might play into the selection;

5. Dr. Behrman-Lippert will testify about the process of an offender "grooming" and/or seducing his victim and/or gaining the trust and confidence of the victim and her family. She will testify that after the victim has been groomed, the offender may use different techniques to isolate, coerce, and control the victim including making sure that she is dependent on him and/or through threats to her and/or her family's safety;

6. Dr. Behrman-Lippert will testify about the dynamics of captivity stress, trauma, and loss and how each of these lead a victim to feelings of helplessness, isolation, identity rupture, deception, secrecy, adultification, and immersion in a manufactured reality – each of which may in turn prevent a victim from attempting to escape. Dr. Behrman-Lippert will testify about the stages of adaption to captivity; and

7. Dr. Behrman-Lippert will testify how a mother's fear of harm or injury to her children impacts all stages of the mother's victimology.

8. Dr. Behrman-Lippert will NOT testify that she diagnosed the victim with abuse. She will NOT comment on the victim's credibility or vouch for the victim's truthfulness. Dr. Behrnam-Lippert will NOT offer any opinions as to the Defendant's guilt or innocence.

A report along with a copy of a C.V. which includes the witness' qualifications and basis for her opinions, has been previously provided in discovery.

s/    Sarah McAmis
SARAH McAMIS, OBA # 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Warren Gotcher, Attorney for Defendant

s/      Sarah McAmis                               
        Office of United States Attorney

4