IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                        PLAINTIFF,

vs.                                              NO. CR-17-79-RAW

HENRI MICHELLE PIETTE,                           DEFENDANT.

### PRE TRIAL STATEMENT AND TRIAL BRIEF

Comes now the Defendant, HENRI MICHELLE PIETTE, and for his trial brief and pre trial statement sets forth the following;

1. That the trial date is May 29, 2019. That the Defendant has no objection to the magistrate conducting the voir dire.

2. That currently there are the following motions pending;

a) motion in limine re: *Rule 404(b)*, alleged other offenses, supplying drugs or alcohol to his children, physical abuse to his children, sexual abuse to his children, and sexual abuse to two other children, physical abuse to the alleged victim; *Rule 414*, sexual abuse to his children and two other children, and that the same matters in *404(b)* and *414* constitute *res gestae* to the instant indictment. The Defendant has filed his motions and the government has filed its notices and responded to the motions of Defendant.

b) notice of expert Berhman-Lippert as to emotional trauma and reactions to it. Motion in limine has been filed by the Defendant to prevent her testimony.

c) notice of expert DNA witness. Defendant has requested a *Daubert* hearing prior to his

1

testimony and a motion in limine to prevent his testimony without a *Daubert* hearing.

d) motion for depositions, however the government has suggested it might agree to an alternative method for testimony using Skype. The court has not authorized it as of yet. The witnesses proposed to be deposed or use alternate methods for testifying are Julie Cruz Lopez who is in Mexico. She has testimony crucial for the defense. She does not have a passport or a visa to travel to the United States. She according to the investigator has agreed to testify using Skype. She has a daughter who is computer knowledgeable and will help. She might need an interpreter. The other witness that may have to use Skype is Renee Michelle Piette, the defendant's father. He lives in Seattle and is on social security of $650 per month and has no funds to travel to Oklahoma. While the court has authorized a subpoena at government expense, Mr. Piette has no funds to get here and the voucher system of reimbursement is not satisfactory.

3. Witnesses: The court has authorized subpoenas for witnesses to authenticate records for the following places;

1. Sherman, Texas. Arrest records showing Henri Piette is in jail and could not make bond to begin his incarceration and had to bail out after his initial incarceration

2. Nogales, Ariz. Child protective services records concerning the children of the Defendant. Occurred 04/27/12 when mother was arrested for smuggling aliens across the border.

3. Wagoner, Oklahoma, DHS records where Rosalyn McGinnnis does not want to go with her mother. Further releases allowing the Defendant to seek medical care for Rosalyn.

4. Navaho County, New Mexico arrest records wherein she states they were separated.

5. Cleveland County, Oklahoma certified court or public record where the Defendant is bonded out of jail by Rosalyn/Stephanie in 2007.

The government has indicated while it may not object to the authentication of the record above by proper affidavit, it will still object to the records under *Federal Rule of Evidence, 803(8)(A)(ii)* wherein it states a matter observed is admissible but not admissible in a criminal case if it is a matter observed by law enforcement personnel. The records in numbered paragraphs 1, 4 and 5 are not subject to this since the records are only used to show arrest and who the record showed either bailed Henri out or the fact of the arrest or both.  The DHS records are admissible since DHS workers are not law enforcement personnel. *10A O.S. 1-2-102*; *Art.25, Constitution of the State of Oklahoma; 21 O.S. 99*, Definition of Peace Officers. The Cleveland county record is admissible pursuant to *Rule 902(4), F.R.Evid*.  Further in Oklahoma, law enforcement personnel seem to be described with the same application as any officer who can arrest and interrogate pursuant to arrest. *Hardin v. State*, 1982 OK CR 124, 649 P.2d 799. As far as the New Mexico records, the case of *State v. Linam*, 93 M.M.307, 600 P.2d 253, 1979 NMSC 4 (N.M. 1979) is dispositive where it held that a penitentiary worker was not a law enforcement personnel. In that case, since the language of the statute is the same as the Federal Rule, the case used the legislative history wherein it meant the policeman on the beat.

Through conferring with the State, it has been determined that the Defendant should not need witnesses prior to June 5. The Defendant has issued subpoenas with that schedule in mind so that the witnesses are not needlessly made to wait in Muskogee for an undetermined time.  If the Court is not in agreement with that schedule, the Defendant can certainly reissue his subpoenas and get the witnesses here earlier.

4. There is a motion for dismissal made by the Defendant for expiration of the statue of limitations. The court overruled the same as being premature, but did not by its order prevent

reconsideration of the same.

5. That the Defendant has filed a notice of expert witness and notice of introduction of a NCIC report given to the defense in discovery. That reference is made for the particulars of this notice.

5. That this court has allowed in the past some limited voir dire by the attorneys. It is generally limited to twenty minutes. Due to the complexity of the case and the evidence that may come in, the defendant requests thirty minutes for attorney voir dire.

6. Pursuant to the Local Rules, the Attorney for defendant will give the court a list of witnesses and exhibits at the start of the trial. There are a certain number of witnesses that have been revealed to the government because of the nature of the need for alternative testimony.

7. The Defendant incorporates by reference the briefs heretofore submitted on the issues outlined above as though they were repeated herein in full.

WHEREFORE premises considered, the defendant submits the above trial brief/pre trial statement for the consideration of the court.

HENRI MICHELLE PIETTE, DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
ATTORNEYS FOR DEFENDANT


BY: s/Warren Gotcher
Warren Gotcher, OBA# 3495
Warren@gotcher-beaver.com

CERTIFICATE OF SERVICE

     I hereby certify that on this 20th day of May, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Edward Snow

                                  S/Warren Gotcher
                                  Warren Gotcher