# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | Case No. CR-17-079-RAW |
| **HENRI MICHELLE PIETTE,** | |
| *Defendants.* | |

## GOVERNMENT RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION FOR CONTINUANCE

COMES NOW the Plaintiff, the United States of America, by and through Brian J. Kuester, United States Attorney for the Eastern District of Oklahoma, and Assistant United States Attorneys, D. Edward Snow and Sarah McAmis, and submits its response to the Defendant's Motion to Continue the Jury Trial in this matter (Doc. # 159). In support, the Government states:

1.  On December 13, 2017, an Indictment was filed in this matter;

2.  On January 16, 2018, the Defendant had an initial appearance;

3.  A Jury Trial was set on March 6, 2018;

4.  On February 5, 2018, an Unopposed Motion to Continue All Dates was filed by the defense and the Court was advised that the parties were anticipating filing a motion to have the case declared complex (Doc. # 18);

5.  The Court struck all dates on February 7, 2018. (Doc. # 19);

6.  On April 4, 2018, a joint motion to declare the case complex was filed (Doc. # 22);

7.  On April 9, 2018, the case was declared complex and a jury trial was set for July 10, 2018;

8. On May 3, 2018, the Court entered a Sealed Order that effectively stayed the proceedings pending evaluations (Doc. # 33);

9. On May 17, 2018, the Court held a hearing in this matter based on documents received directly from the Defendant and distributed to all counsel. At the hearing, the Court granted Defendant's motion to withdraw his current counsel and directed that new counsel be appointed. The Court also stayed any previous orders related to the Sealed Order in Doc. # 33 until new counsel entered the case (Doc. # 37);

10. On May 25, 2018, present counsel, Warren Gotcher, made an entry of appearance in the case (Doc. # 41);

11. On June 7, 2018, present counsel filed a Motion to Withdraw the Motion to Determine Competency (Doc. # 48);

12. On June 14, 2018, the Court held a hearing on the above Motion to Withdraw the Motion to Determine Competency and ultimately ordered an evaluation of the Defendant (Doc. # 52);

13. On November 19, 2018, a hearing was held and the Defendant was found competent. At that hearing, the Court addressed scheduling the case for trial. The Defendant requested the case be set for May, 2019, and the Government stressed the need for a firm trial date (Doc. # 95);

14. On November 20, 2018, the Court set a trial date for May 7, 2019 (Doc. # 95);

15. On March 14, 2019, the Defendant filed a Motion to Continue the jury trial scheduled on May 7, 2019 (Doc. # 109);

16. On April 3, 2019, the Court held a hearing on the Motion and continued the Trial in the matter to May 29, 2019 (Doc. # 118);

17. On May 20, 2019, the Defendant, through counsel, filed a Motion for Continuance of the Trial asking for a continuance of at least 3 months (Doc. # 159);

18. The Defendant in this case has been in custody since his initial appearance;

19. The Defendant's Motion, which was carefully and honorably written by his counsel, indicates "That the *Defendant,* Henri Michelle Piette, has requested a continuance to obtain additional witnesses. That he has made this request both by letter to counsel and an in person meeting" (Doc. # 158, Para. 5);

20. The Defendant is requesting at least three months which is more time than he requested in his Motion of March 14, 2019, which was only a 30 day continuance (Doc. # 109, Para. 5);

21. The Defendant indicates the Court denied a previous Motion to take Depositions. Other than that, there is no new information that was not brought forth in the previous Motion to Continue;

22. On April 24, 2019, the Court denied a defense request to take depositions as the "Defendant has provided no details or evidence to support any exceptional circumstances in this matter" (Doc. # 128);

22. In an effort to assist the Defendant in presentation of the testimony from the witnesses he wished deposed, the Government has agreed that, if the Court allows it, the witnesses can be called by video at the trial in the matter. In as much as the Fed. R. Crim. P. 15(g) provides that "A party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition", the Court would be required to review the depositions and make rulings on the objections. In an effort to avoid the Court reviewing depositions, the parties believe live video testimony will be the most efficient manner to present the evidence;

23. Since the inception of this case, the Defendant has written in excess of 100 letters to the Court and the Government;

24. The Court, recognizing the inappropriate nature of the ex-parte letters, ordered "henceforward, any piece of mail received from the defendant shall be immediately forwarded to the prosecutor and defense counsel, unread by the court." (Doc. # 97, Para. 3);

25. The Court further noted in its Order that case authority recognizes how a represented defendant's unchecked stream of letters can undermine his own defense. (Doc. # 97, Para. 2);

26. The Defendant nonetheless continued his letter writing unabated;

27. In one of the Defendant's most recent letters, he states that his attorney told him that the Defendant's investigator related that most, if not all, of the witnesses the Defendant identified for trial do not have good feelings toward the Defendant;

28. The reasonable inference is that the defense team has spoken to witnesses who apparently will not testify as the Defendant told the defense team they would testify. This appears to be the reason for a request for a continuance;

29. The Defendant has repeatedly sent letters requesting his every whim be indulged as to his investigator and his attorney;

30. The Government believes that the Defendant's excessive and irrelevant requests to his investigator and attorney have contributed to the Defendant's request for a continuance;

31. Given the Defendant's history and the content of his letters to the Government and the Court regarding his trial team, the Government fully expects more excessive and irrelevant requests of his trial team, which will most assuredly result in further requests for continuances; and

32.     The Defendant has offered no valid grounds for a continuance nor has he identified any evidence that would warrant a continuance.

Based on the foregoing, the Government requests the Court deny the Motion to Continue.

Respectfully submitted,

Brian J. Kuester

United States Attorney

s/   D.Edward Snow
D. EDWARD SNOW, OBA #16439
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100 (telephone)
(918) 684-5150 (facsimile)
Ed.Snow@usdoj.gov (e-mail)

s/   Sarah McAmis
SARAH MCAMIS, OBA# 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100 (telephone)
(918) 684-5150 (facsimile)
Sarah.McAmis@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on May 21, 2019, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Warren Gotcher

s/ D. Edward Snow
Office of the United States Attorney