IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| vs. | NO. CR-17-79-RAW |
| HENRI MICHELLE PIETTE, | DEFENDANT. |

## MOTION FOR VARIANCE
## AND MEMORANDUM IN AID OF SENTENCING

Comes now the Defendant, HENRI MICHELLE PIETTE, and moves This Honorable Court for a downward variance from the sentence suggested under the United States Sentencing Guidelines, and in support thereof submits the following argument and authorities and memorandum in aid of sentencing;

**INDIVIDUALIZED SENTENCING/VARIANCE:** The United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), held that the sentencing guidelines are advisory only. The guidelines should be used as starting point in sentencing and as the initial benchmark. *Gall v. United States*, 552 U.S. 38, (2007); *Kimbrough v. U.S.*, 552 U.S. 85, (2007). A sentencing judge must not only consider the guidelines, but consider the sentencing factors in *18 U.S.C. 3553(a). Booker*, supra. A departure from the sentencing range occurs when the sentencing court reaches a sentence above or below the recommended guidelines range through application of Chapters four or five of the sentencing guidelines. A variance occurs when a sentencing court enhances or detracts from the recommended range through application of the *18 U.S.C. 3553(a)* factors. *U.S. v. Sells*, 541 F. 3d 1227 (10th cir 2008).

**STATUTORY SENTENCING CONSIDERATIONS:** *Title 18, U.S.C. 3553(a)*, **Imposition of a sentence**, sets out in part the following:

" Imposition of a sentence

(a) factors to be considered in imposing a sentence

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available

(4) The kinds of sentence and the sentencing range ...

(5) any pertinent policy..

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. ..."

**LEGAL BASIS FOR INDIVIDUALIZED SENTENCING/VARIANCE:** A sentence must be reasonable, which has both procedural and substantive components. In setting a procedurally reasonable sentence, a district court must calculate the proper advisory guideline range and apply the factors in *section 3553(a)*. A procedurally reasonable sentence must also afford the defendant his rights under the Federal Rules of Criminal Procedure. A substantively reasonable sentence ultimately reflects the gravity of the crime and the *section 3553(a)* factors as applied to the case. *United States v. Atencio*, 476 F.3d 1099 (10th cir 2007).

It has been the uniform and constant position in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue. *Gall v. United States,* supra.. *Title 18 U.S.C. 3553(a)* governs sentencing in Federal court and contains certain factors that mandate this very consideration of the nature and circumstances of the instant offense and the history and characteristics of the defendant as well as the policy considerations of sentencing such as sentence disparity, promoting respect for the law and protection for the public. *18 U.S.C. 3553(a).* In reaching a sentencing decision, a court should carefully balance the nature and seriousness of the offense, the need for deterrence and the need to protect the public, with the history and characteristics of the defendant. *U.S. v. Huckins*, 529 F.3d 1312 (10th cir 2008). The Tenth Circuit has held that a sentencing court now has broad discretion to consider individual characteristics like age, employment, and criminal history in fashioning an appropriate sentence under *3553(a)*, even when disfavored under the federal sentencing guidelines or already accounted for in another part of a sentencing guideline calculation. *United States v. Jarvi*, 537 F.3d 1256 (10th cir 2008); *United States v. Sells*, supra. At last, sentencing courts do not need extraordinary reasons to sentence a defendant outside the

guidelines range. "A guide to negotiating federal guilty pleas in a post-*Gall* sentencing world" Laurie Levenson, *Vol. 23, Number 3, Criminal Justice, American Bar Association.*

When crafting a sentence in federal court, the District Court must be guided by the parsimony principle – that the sentence be sufficient, but not greater than necessary to comply with the purposes of criminal punishment, as expressed in *3553(a). Section 3553(a)* is more than a laundry list of discrete sentencing factors. It is rather a tapestry of factors, through which runs the thread of an overarching principle, which is referred to as the parsimony principle. These factors are the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public. *United States v. Rodriquez*, 527 F.3d 221 (1st cir 2008); *18 U.S. C. 3553.* The district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of *3553(a)*. *United States v. Martinez-Barragan*, 545 F.3d 894 (10th cir 2008).

District Courts are granted wide discretion in choosing what factors to rely on in determining whether a variance is justified under *Section 3553(a)* and may choose factors disfavored by the sentencing commission. *United States v. Sayad,* 589 F. 3d 1110 (10th cir 2009).

ARGUMENT

That the Defendant standing before this court certainly is a man that the evidence shows had a situation that the victim could have terminated at any time within the last ten years or so. That the victim had the Defendant arrested and bonded the Defendant out of jail after the Defendant had been arrested other times. The victim had possession of firearms during this time

period. That the guidelines call for a sentence of life. That this court should consider this mans age and health, and craft a sentence with leniency.

WHEREFORE premises considered, the defendant, HENRI MICHELLE PIETTE, prays that this court vary from the sentencing guidelines, and enter a sentence consistent with the above argument and in accordance with the sentencing purposes of the United States Criminal Code and appellate decisions interpreting said code.

HENRI MICHELLE PIETTE, DEFENDANT
GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412 ATTORNEYS FOR DEFENDANT
BY: s/Warren Gotcher
Warren Gotcher, OBA# 3495
Warren@gotcher-beaver.com

CERTIFICATE OF SERVICE

I hereby certify that on this 21th day of January, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants.
Edward Snow                                    S/Warren Gotcher