**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **HENRI PIETTE,** *Defendant.* | Case No.:   CR-17-079-RAW |

**GOVERNMENT'S RESPONSE AND OBJECTION
TO DEFENDANT'S MOTION FOR SENTENCING VARIANCE**

COMES NOW the United States of America by and through United States Attorney Brian J. Kuester and Assistant United States Attorney Sarah McAmis and in Response and Objection to Defendant's Motion for Sentencing Variance (Doc. 218) respectfully submits the following:

**STATEMENT OF THE CASE**

On December 13, 2017, the Defendant was charged by way of Indictment with one count of Kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) & 1201(g), and one count of Travel with Intent to Engage in Sexual Act with a Juvenile in violation of 18 U.S.C. § 2423(b). (Doc. 3). The Defendant made his initial appearance and was arraigned on January 16, 2018. (Doc. 13). The Defendant subsequently waived his right to a Speedy Trial (Doc. 21) and the case was declared Complex (Doc. 23).  A jury trial began on May 29, 2019 (Doc. 180) and concluded on June 6, 2019 with the jury finding the Defendant guilty on both counts (Doc. 200).   The Defendant filed his "Motion for Variance and Memorandum in aid of Sentencing" on January 21, 2020.  (Doc. 218).

1

## ARGUMENT IN OPPOSITION

In his Motion for Variance, the Defendant asks the Court to "consider this man's age and health, and craft a sentence with leniency". (Doc 218). As part of his argument for leniency, the Defendant then continues to place blame on his victim as he has throughout the entire process. In his Motion, the Defendant claims that the victim "had a situation that [she] could have terminated at any time within the last ten years", that the victim "bonded the Defendant out of jail after the Defendant had been arrested other times", and that the victim "had possession of firearms". The Court and jury heard these same arguments during the course of the trial.

The Court and jury also heard significant aggravating evidence from the Government. During the victim's testimony at trial (which was corroborated by other witnesses), she described that the Defendant began sexually abusing her at age eleven and that it continued for years. She described the Defendant stabbing her, shooting her, breaking her bones, beating her unconscious, striking her with a bat, and choking her. The victim testified in a raspy voice because her vocal chords were permanently altered as a result of the Defendant choking her. The victim literally showed scarring on her head and body to the jury and showed the malformation of her bones as a result of them being forced to heal from breaks without any medical intervention. The victim described being forced to deliver her babies on her own, without the oversight of doctors and in deplorable conditions, and she described the continuing "female problems" that she experiences as a result.

The Court and jury also heard evidence that the Defendant fathered nine surviving children with the victim. Several of those children testified and described in horrifying detail the physical, mental, and sexual abuse they suffered at the hands of the Defendant for years and the trauma they

watched their mother endure.

Despite the overwhelming evidence, and in addition to the pretrial pleadings filed and argued by his attorney, the Defendant flooded the Court and the parties with letters and self-styled pleadings written in his own hand-writing. The Defendant continued to send the documents although the Court cautioned him to only proceed through and with the advice of his attorney. In his own writing, the Defendant repeatedly and defiantly denied all guilt and instead claimed that everyone from the victim to the witnesses to the Government to the defense investigator were in a conspiracy to falsely convict him. The Defendant never wrote that he accepted responsibility for his conduct nor did he ever express any empathy.

Since the conclusion of the jury trial, the Defendant has continued to send letters to the Court and the parties despite the fact that he was found guilty. In a letter received October 17, 2019 and addressed to "Ms. Presentencing Investigator", the Defendant attached and included a letter he addressed to Assistant United States Attorney "Edward Snow". In the letter, the Defendant referred to Mr. Snow as a lying, killer clown and a "psychopathic-sociopath". The Defendant said he "did not kidnap, molest, or beat (the victim) nor any of our children". The Defendant said that everyone who testified against him committed perjury and lied under oath. He further claimed that he was an "innocent man" who had been cruelly and maliciously prosecuted. In a letter received by the Court and parties on November 12, 2019, the Defendant continued his assertion that he has never perpetrated "physical, mental, emotional, or sexual abuse" and that the victim "was free to act upon her own free will". He accused the victim of "concocting her fabulous story of molest [sic], inveigle, kidnap, rape, and abuse which never did occur!"

Under Title 18, U.S.C. § 3553(a), one of the sentencing factors for the Court to consider is

3

the nature of the circumstances of the offense and the history and characteristics of the Defendant. The victim and her children suffered years of torment inflicted by the Defendant. To this day, they are impacted by the horrific abuse that they endured at the Defendant's hands. Instead of expressing any acknowledgment or remorse for the pain that he caused, the Defendant continues to lash out at everyone around him and make ridiculous excuses for his behavior.

Other sentencing factors for the Court to consider are to ensure adequate deterrence to criminal conduct and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A) and (B). The Defendant has yet to be deterred and he appears to have no concept of respect for the law. Despite the finding of guilt, the Defendant continues to place the blame on others and has demonstrated that he cannot and will not follow the Court's Orders. He continues to persist in claiming that he is smarter than all those around him and that others are corrupt instead of himself. The Defendant has demonstrated time and again that he will only follow his own rules and no one else's.

Finally, the Court should consider a sentence that will reflect the seriousness of the offense. 18 U.S.C. § 3553(a)(2)(A)   The Defendant left the victim and his own biological children with a lifetime of physical, emotional, and mental pain and suffering. They will all be dealing with his violence for the rest of their lives and the Defendant should likewise be punished for the rest of his.

## **CONCLUSION**

Based upon the above and foregoing, the United States respectfully requests that the Court deny the Defendant's Motion for Sentencing Variance.

Respectfully submitted,

BRIAN J. KUESTER
United States Attorney

s/ Sarah McAmis
SARAH McAMIS OBA# 15903
Assistant United States Attorney
United States Attorney's Office
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
sarah.mcamis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Warren Gotcher
Attorney for Defendant

s/ Sarah McAmis
SARAH McAMIS
Assistant United States Attorney