AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Oklahoma

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| HENRI MICHELLE PIETTE, | ) | Case Number:   CR-17-00079-001-RAW |
| a/k/a Henri Michel Piette, a/k/a Henri Billy, | ) | |
| a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., | ) | USM Number:   08301-063 |
| a/k/a Michael Wayne Mansfield, | ) | |
| a/k/a Christopher Allen McAnear | ) | |
| | ) | Warren Gotcher |
| | | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☒ was found guilty on count(s)   1 & 2 of the Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1201(a)(1) & 1201(g) | Kidnapping | January 1997 | 1 |
| 18:2423(b) | Travel with Intent to Engage in Sexual Act with a Juvenile | January 1997 | 2 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 20, 2020
Date of Imposition of Judgment

Ronald A. White
United States District Judge
Eastern District of Oklahoma

February 21, 2020
Date

Judgment — Page   2   of   7

DEFENDANT: Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne Mansfield, a/k/a Christopher Allen McAnear

CASE NUMBER: CR-17-00079-001-RAW

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Life on Count 1 & 360 months on Count 2 of the Indictment. The terms of imprisonment imposed on each of Counts 1 & 2 shall be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons evaluate the defendant and determine if the defendant is a suitable candidate for the Intensive Drug Treatment Program. Should the defendant be allowed to participate in the program, it is further recommended that the defendant be afforded the benefits prescribed and set out in 18 U.S.C. § 3621(e) and according to Bureau of Prisons' policy.

That the defendant be placed in a federal facility to ensure the defendant's safety.

The Court shall be informed in writing as soon as possible if the Bureau of Prisons is unable to follow the Court's recommendations, along with the reasons for not following such recommendations made by the Court.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
　　　　　　　　　　  Sheet 3 — Supervised Release

Judgment—Page ___3___ of ____7____

DEFENDANT:　　　　　Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne Mansfield,
　　　　　　　　　　　a/k/a Christopher Allen McAnear
CASE NUMBER:　　　　CR-17-00079-001-RAW

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
5 years on each of Counts 1 & 2 of the Indictment. The terms of supervised release shall run concurrently with one another.

# MANDATORY CONDITIONS

1.　You must not commit another federal, state or local crime.
2.　You must not unlawfully possess a controlled substance.
3.　You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from
　　imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you
　　pose a low risk of future substance abuse. *(check if applicable)*

4.　☒　You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
　　　　restitution. *(check if applicable)*
5.　☒　You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.　☒　You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as
　　　　directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
　　　　reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.　☐　You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT:       Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne
Mansfield, a/k/a Christopher Allen McAnear
CASE NUMBER:    CR-17-00079-001-RAW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer, after obtaining Court approval, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____    Date _____

AO 245B(Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page    5    of    7

DEFENDANT:         Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne Mansfield,
                   a/k/a Christopher Allen McAnear
CASE NUMBER:       CR-17-00079-001-RAW

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall register pursuant to the provisions of the Sex Offender Registration and Notification Act, or any applicable state registration law.

2.  The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the Probation Officer. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing to determine if you are in compliance with the conditions of release. The defendant may be required to contribute to the cost of services rendered in an amount to be determined by the probation officer, based on your ability to pay. Any refusal to submit to assessment or tests as scheduled is a violation of the conditions of supervision.

3.  The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the United States Probation Office.

4.  The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of his background and current offense, and who has been approved by the United States Probation Officer.

5.  The defendant shall submit to a search conducted by a United States Probation Officer of his person, residence, vehicle, electronic communication, data storage device, media, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervised release. Failure to submit to a search may be grounds for revocation.

6.  The defendant shall participate in a program approved by the United States Probation Office for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include testing to determine if he has reverted to the use of drugs or alcohol and may include outpatient treatment.

7.  The defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the probation officer, and shall allow the Probation Officer access any or all financial records or activities upon request.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne Mansfield, a/k/a Christopher Allen McAnear

CASE NUMBER: CR-17-00079-001-RAW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 50,067.00 | $ 50,000 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Transitioning Families RE: Rosalynn McGinnis & Family P O Box 1163 Glen Ellen, CA 95442 | $50,067.00 | $50,067.00 | |

| TOTALS | $ 50,067.00 | $ 50,067.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for   ☐ fine   ☒ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                Sheet 6 — Schedule of Payments

Judgment — Page   7   of    7  

DEFENDANT:        Henri Michelle Piette, a/k/a Henri Michel Piette, a/k/a Henri Billy, a/k/a Dan Reed, a/k/a Billy Ira Sloop Jr., a/k/a Michael Wayne Mansfield, a/k/a Christopher Allen McAnear
CASE NUMBER:      CR-17-00079-001-RAW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance with  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

B  ☒  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☒  F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

      Said special assessment of $200 is due immediately.  Said restitution of $50,067 is due and payable immediately. Said fine of $50,000 is due and payable immediately.

      Said special assessment, restitution and fine shall be paid through the United States Court Clerk for the Eastern District of Oklahoma, P.O. Box 607, Muskogee, OK 74402.

      If the defendant's financial condition does not allow for immediate payment of the restitution and fine, the defendant shall make monthly installments of not less than $500 beginning sixty days from the defendant's release from incarceration.  Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon non-exempt property of the defendant discovered before or after the date of this judgment.  In the event the defendant receives any federal or state income tax refund during the period of supervision, the defendant shall pay 100% of the total refund toward said restitution and fine..

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Case Number
    Defendant and Co-Defendant Names                          Joint and Several         Corresponding Payee,
    *(including defendant number)*       Total Amount             Amount                 if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.